IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALFONSO RIVERA-AVALOS,

      Petitioner,                               No. 2:12-cv-2166 JAM GGH P

     vs.

MICHAEL BABCOCK, et al.,

      Respondents.                        FINDINGS & RECOMMENDATIONS

_____/

        Petitioner, a federal prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner states that he pled guilty to conspiring to possess with the intent to distribute fifty grams or more of methamphetamine and was sentenced to 188 months in prison arising out of the District of Nevada case 2:09-CR-262 JCM RJJ.[1]

        Petitioner alleges in the instant petition that he is actually innocent of the conspiracy charge. Petitioner contends that the district court erred in accepting his guilty plea because the government failed to advance a sufficient factual basis, appointed counsel was ineffective as petitioner could have accepted a different plea for less time and the court erred in sentencing. Petitioner states that an earlier offer was made for 120 months but counsel gave

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1

erroneous advice, and had petitioner been properly advised he would have accepted that plea.

A federal prisoner who seeks to challenge the legality of confinement must generally rely on a § 2255 motion to do so. See Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) ("The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." (citation omitted)). There is, however, an exception to that general rule. Under the "escape hatch" of § 2255, a federal prisoner may file a § 2241 petition if, and only if, the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." Id. (internal quotation marks omitted). We have held that a prisoner may file a § 2241 petition under the escape hatch when the prisoner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." Id. at 898 (internal quotation marks omitted).

While petitioner uses the phrase "actual innocence" he has failed to introduce any evidence that he did not conspire to distribute methamphetamine. Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012). Of course, petitioner pled guilty in the instant case, and he is attempting to bootstrap a Rule 11 plea colloquy claim into an actual innocence claim. Petitioner also states that he wishes he had accepted the 120 month sentence and that is the relief he seeks. Ultimately, this fails to present a claim of actual innocence.

Nor has petitioner sufficiently addressed that he has not had an unobstructed procedural shot at presenting this claim. A search of court records in the District of Nevada indicates that petitioner filed a § 2255 motion in case 2:09-CR-262 JCM RJJ on September 2, 2011. That motion was denied on April 11, 2012. In that motion petitioner presented a claim that counsel coerced him into taking a plea deal. Thus, petitioner has already presented the ineffective assistance of counsel claim and he had an opportunity to present the claim that the district court erred in accepting the plea. Regardless, none of these claims present a legitimate actual innocence claim.

The court therefore finds that, despite the identifying of the petition as one brought under § 2241, the petition is in fact a successive § 2255 petition which the court has no jurisdiction to consider absent authorization from the Ninth Circuit. 28 U.S.C. 2255(h).

Accordingly, IT IS HEREBY RECOMMENDED that this case be dismissed.

If petitioner files objections, he shall also address if a certificate of appealability should issue and, if so, as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 20, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH: AB
rive2166..dis